POLLARD et al. v. CONTINENTAL
OIL CO.

No. 4174.

Court of Civil Appeals of Texas. El Paso.
Jan. 29, 1942.

Rehearing Denied March 12, 1942.

J. S. Grisham, of Tyler, and Grisham &
Grisham, of Eastland, for appellants.

Burney Braly, John A. Braly, and G. R.
Pate, all of Fort Worth, for appellee.

SUTTON, Justice.

This is an appeal from the District Court
of Crane County. The trial was to the
court without a jury. The judgment was
for the plaintiff, appellee here, from which
the defendants appealed.

The suit was in trespass to try title.
Plaintiff sought the recovery of two tracts
of land. The first was, briefly described,
27 acres, more or less, out of Survey 88,
Block X, CCSD & RGNG Ry. Co., and
the other 25.66 acres out of the same survey.
Each tract was further described by metes
and bounds. The defendants disclaimed as

to the second tract and the 27-acre tract
only is involved on this appeal.

The defendants have fourteen assign-
ments of error and have briefed five points
thereunder. We think one question deci-
sive of this appeal and of the case; that
is, On what date was the 27-acre tract sold
by the State? The land is School Land.

Section 88, above described, was sold on
the application of B. L. Frost dated Jan-
uary 30, 1909. It described the land as
"Section 88, Block X, Certificate 1343,
Grantee CCSD&RGNG Ry. Co., 640 acres.
Price $1.25." The application was filed in
the Land Office February 1, 1909. The
award to Frost was made February 17,
1909, and described the land exactly as
described in the application above. The
obligation executed by Frost for the bal-
ance of the purchase price, $^{38}/_{40}$ths, was
in the principal sum of $780. It described
the land as "all of Section No. 88, Block
X, Township ——, Certificate 1343,
Grantee CCSD&RGNG Ry. Co., in Crane
County, Texas."

The original field notes purporting to
be of an actual survey on the ground
made October 4, 1881, and filed in the Gen-
eral Land Office December 31, 1881, call
for a survey of 640 acres. They describe
a tract of land 1900 vrs. square. The calls
are for other surveys and natural objects
fixed by bearings. Robert E. Estes, a li-
censed land surveyor, made a resurvey of
said Section 88 September 30, 1930, and
computed the acreage as 692.66 acres. The
area embraced in the calls of the original
field notes is the same as that included in
the calls of the corrected field notes. It
is agreed the acreage by which said survey
was increased is excess and properly ap-
portioned to said survey. The corrected
field notes were filed in the General Land
Office November 9, 1938. The obligation
was increased to cover the excess acreage
at $1.25 per acre and interest charged
thereon from the date of the original sale
to Frost, and the interest paid up to the
date of the trial. The original Land Office
file for said survey 88 was continued and
no new file or account set up to cover the
excess acreage.

Plaintiff claims under an oil and gas
lease executed by the owners dated August
20, 1925. There is no question about the
validity of the lease. Plaintiff's claim is
it covers the 27-acre tract, and the de-
fendants' that it does not. The description
is: "Section 88, Block X, Certificate 1343,

454

CCSD&RGNG Ry. Co. land, Abst. 721, and containing 640 acres, more or less."

Defendants claim under an oil and gas lease dated August 4, 1939, executed by the then owner, Eva Mae Cole, joined by her husband, J. W. Cole. The description is:

"First Tract: A survey of twenty-seven (27) acres of land along the south line of Section 88, Block 'X', Certificate 1343, embracing a portion of the excess acreage found in said section 88 as shown by corrected field notes made from a survey of date March 31, 1926, and duly filed in the General Land Office of the State of Texas, bounded as follows, to-wit:

"Beginning at a 2" iron pipe at the SW corner of Section 88, Block 'X', Certificate 1343, same being the NW corner of Section 85, said Block 'X', for the SW corner of this 27 acre survey;

"Thence N 74° 30' E 1924 varas to a 2" iron pipe at the SE corner of said Section 88, and NW corner of Section 92, Block Y, for the SE corner of this survey;

"Thence 17° 30' W 79.2 varas (220 feet) to a 2" iron pipe set for the NE corner of this survey in the East boundary line of said section 88, whence the NE corner of said Section 88 bears N 15° 30' W 1954.8 varas;

"Thence S. 74° 30' W 1924 varas to a 2" iron pipe set in a surface tank, and in the West line of said Section 88, for the NW corner of this survey whence the NW corner of said Section 88 bears N. 15° 30' W 1954.8 varas;

"Thence S. 15° 30' E. 79.2 varas (220 feet) to the place of beginning; and containing twenty-seven (27) acres of land."

The contention of the defendants is that Eva Mae Cole, acquired by purchase and award the excess in said Section 88 April 6, 1939, when she paid the interest accrued thereon from the date of the original sale to Frost, February 17, 1909. Plaintiff's position is the sale dates from the date of the original sale under the facts hereinbefore recited and the law applicable thereto. There was no application to purchase the excess by Eva Mae Cole, nor any award by the State.

There was never any segregation of the 52.66 acres of excess. The corrected field notes extended the east and west lines from 1900 varas to 2032 varas and the north and south lines from 1900 varas to 1924.6 varas. It is perfectly clear the original intention was to purchase and sell the whole of Section 88. This intention was recognized, accepted and acted upon by the Commissioner of the General Land Office in 1938, 1939, when he filed the corrected field notes, changed the obligation to cover the excess at $1.25 per acre and charged the back interest thereon from the date of the original Frost purchase. There could have been no accrued interest on the increased obligation had there been no sale prior to the payment of the interest April 6, 1939. Eva Mae Cole, apparently, likewise so regarded the situation and merely paid the interest on a debt due the State from the date the land was originally sold February 17, 1909. Of course, as is contended by the defendants, the title to public lands can never vest in an individual until it is purchased and paid for. The whole of the purchase price of this Section 88 has never been paid. The final acquisition of the full title on any part of it will depend upon the payment of the whole of the purchase price.

Defendants have made considerable effort to distinguish this case from the case of Willoughby v. Long, 96 Tex. 194, 71 S. W. 545, but we are unable to see any material difference between the descriptions there and here. The State, when the excess was discovered, merely asserted its right to be paid for the excess acreage found plus the interest accrued and unpaid. The demand was met and the sale stood as originally made. We regard Willoughby v. Long decisive of this case. It rules this case. We hold, therefore, the excess was properly determined to be a part of the original survey and sold to Frost as the original purchaser; that the plaintiff likewise has the oil and gas lease thereon, and defendants acquired nothing under the subsequent oil and gas lease.

The trial court's judgment was proper and is affirmed.